**UNITED STATES DISTRICT COURT**
**SOUTHERN  DISTRICT OF NEW YORK**

Ming Zhang, individually and on behalf of All Other
Employees Similarly Situated,

Plaintiff,

- against -

42-44 EAST BROADWAY RESTAURANT INC d/b/a
HWA YUAN SZECHUAN,
Chen Lieh Tang,

Defendants.

Case No.

**COLLECTIVE ACTION**
**COMPLAINT**

Plaintiff Ming Zhang ("Plaintiff") on behalf of herself and on behalf of all others

similarly situated, by and through her undersigned attorneys, Hang & Associates, PLLC, hereby

file this complaint against the Defendants 42-44 East Broadway Restaurant Inc d/b/a Hwa Yuan

Szechuan, and Chen Lieh Tang (collectively "Defendants"), alleges and shows the Court the

following:

**INTRODUCTION**

1.      This action is brought by Plaintiff, on behalf of herself as well as other employees

similarly situated, against Defendants for (1) alleged violations of the Federal Labor Standards

Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law §§190 *et seq.* ("NYLL"),

arising from Defendants' various willful and unlawful employment policies, patterns and/or

practices, and (2) for hostile work environment sexual harassment under the New York State

Human Rights Law, N. Y. Exec. Law §290 *et seq*., the New York City Human Rights Law, and N. Y. C. Admin. Code § 8-107 et seq.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, overtime compensation for all hours worked over forty (40) each workweek, spread of hours, as well as failing to provide their employees, including Plaintiff, with wage notice at the time of hiring and wage statements.

3.     Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs.

4.     Plaintiff further alleges pursuant to NYLL §190  et seq. and Title 12 of  New York Codes, Rules and Regulations Part 146 ("NYCRR") that she is entitled to recover from the Defendants: (1)  unpaid  overtime compensation, (2) unpaid spread of hours compensation, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (4) liquidated damages equal to the sum of unpaid  overtime and unpaid spread of hours compensation  pursuant to the  NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

5.     Plaintiff further alleges pursuant to New York State Human Rights Law, New York Executive Law §§ 290 *et seq.* ("NYSHRL") that she is entitled to recover from the Defendants: (1) an award of monetary damages and other relief, including attorneys' fees and expenses with interest; and (2) liquidated damages.

6.     Plaintiff further alleges pursuant to New York City Human Rights Law, New York City Administrative Law § 8-107 *et seq.*, ("NYCHRL") that she is entitled to recover from the Defendants: (1) an award of monetary damages and other relief, including attorney's fees and expenses with interest; (2) liquidated damages.

## JURISDICTION AND VENUE

7.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL, NYSHRL, and NYCHRL claims pursuant to 28 U.S.C. § 1367(a).

8.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

9.      Plaintiff is an individual residing in Queens, New York.

10.     From on or around December 25, 2017 to on or around January 20, 2018, and then from on or around February 16, 2018 to on or around July 19, 2018, Plaintiff was employed as a baker at Defendants' restaurant located at 42 44 East Broadway, New York, NY 10002.

## DEFENDANTS

*Corporate Defendant*

3

11.     Upon information and belief, 42-44 East Broadway Restaurant Inc. d/b/a Hwa Yuan Szechuan ("Corporate Defendant" or "Defendant Corporation") is a domestic business corporation organized under the laws of the State of New York with a principal business address at 42 44 East Broadway, New York, NY 10002.

12.     Upon information and belief, Corporate Defendant has about forty-seven (47) employees.

13.     Upon information and belief, Corporate Defendant at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

14.     Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce. For instance, Corporate Defendant has employees who handled and worked on goods moving in commerce such as food supplies.

15.     At all times relevant times, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

***Owner/ Operator Defendant***

16.     Upon information and belief, Defendant Chen Lieh Tang ("Defendant Tang") is the owner, chief executive officer, and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

4

17.     Upon information and belief, Defendant Tang owns the stock of Defendant Corporation and manages and makes all business decisions regarding Defendant Corporation.

18.     Upon information and belief, Defendant Tang determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

19.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty-seven (47) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

5

21.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

22.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

23.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

24.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

25.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

26.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

27.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

28.     Defendants knew that the nonpayment of overtime pay and "spread of hours" premium, failure to provide the required wage notice at the time of hiring, failure to provide the required wage statement with every payment of wages, and unlawful sexual harassment against Plaintiff would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

29.     From on or around December 25, 2017 to on or around January 20, 2018, and then from on or around February 16, 2018 to on or around July 19, 2018, Plaintiff was employed as a baker at Defendants' restaurant located at 42 44 East Broadway, New York, NY 10002.

30.     Upon information and belief, Defendant Tang, known as "Boss" to Plaintiff, is the owner/shareholder of Defendant Corporation and maintains active operational control over

7

Defendant Corporation, including but not limited to hiring and firing employees, supervising and controlling the employees, setting their work schedule, determining their rates of compensation and methods of payment, handling payrolls, and maintaining employee records.

31.     Defendant Tang interviewed and hired Plaintiff as a baker for Defendant Corporation.

32.     Defendant Tang controlled and determined the work schedule of Plaintiff.

33.     Defendant Tang determined the rates of compensation of Plaintiff and methods of payment.

34.     Plaintiff was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

35.     From December 25, 2017 to January 1, 2018, Plaintiff worked six days per week and on each workday, she worked from around 11:30 am to around 11:00 pm without a break.

Plaintiff therefore worked eleven and half (11.5) hours each day, or sixty-nine (69) hours per week.

Plaintiff is entitled to spread of hours premium for this stated period of time.

36.     From January 2, 2018 to on or around January 20, 2018, Plaintiff worked six (6)

days per week and on each workday she worked from around 11:30 am to 10:00 pm without a

break. Plaintiff therefore worked around ten and half (10.5) hours per day, or sixty-three (63) hours

per week. Plaintiff is entitled to spread of hours premium for this stated period of time.

37.     From February 16, 2018 to on or around July 19, 2018, Plaintiff worked six (6)

days per week with either Tuesday or Wednesday off. From Mondays to Fridays on which she

worked, she worked from around 11:30 am to around 10:00 pm without a break. On Saturdays and

Sundays, Plaintiff worked from around 11:30 am to around 10:30 pm without a break. Plaintiff

therefore worked around ten and half (10.5) hours on each weekday that she worked, and around

eleven (11) hours on each weekend-day that she worked. Plaintiff therefore worked sixty-four (64)

hours per week during this stated period of time.

38.     From February 16, 2018 to on or around July 19, 2018, Plaintiff was paid at a fixed

rate of $3,500.00 per month, regardless the amount of hours Plaintiff actually worked each day.

9

39.     Throughout her employment with the Defendants, Plaintiff was paid bi-weekly by cash.

40.     Throughout her employment with Defendants, Plaintiff was not required to punch time cards or otherwise track her work hours. Nevertheless, for the last three weeks of Plaintiff's employment, Plaintiff was required by Defendants to sign on her receipt of wage payment. The workhours, if any, on the wage receipts did not reflect the actual hours that Plaintiff worked.

41.     Throughout her employment with Defendants, Plaintiff was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

42.     Throughout her employment with Defendants, Plaintiff was not overtime-exempt under federal and state laws.

43.     Throughout her employment with Defendants, Plaintiff was not compensated for spread of hours premium for days on which she worked over ten (10) hours.

44.     Defendants did not provide Plaintiff with a correct wage statement with every wage payment.

45.     Throughout Plaintiff's employment with Defendants, Plaintiff has not been provided with Defendants' policy, if any, regarding discrimination, sexual harassment or retaliation.

46.     During the months of February 2018 and March 2018, Defendant Tang has engaged in numerous acts of sexual harassment and gender discrimination toward Plaintiff.

47.     Examples of Defendant Tang's sexually harassing and discriminatory conduct toward Plaintiff include the following:

    a.  Defendant Tang has on numerous occasions made unwelcome and inappropriate sexual innuendos and comments at Plaintiff. For instance, Defendant Tang on numerous occasions said to Plaintiff that "I'm gonna make advances at you!" "I'm gonna bite you hard and make your husband very jealous!" "You are my girlfriend, don't call me your boss!"

    b.  Plaintiff Tang has on numerous occasions touched Plaintiff unwelcomely and inappropriately, including grabbing Plaintiff's hands and stroking Plaintiff's hands,

squeezing Plaintiff's waist, pulling Plaintiff close to him and attempting to kiss

Plaintiff.

48.     Upon information and belief, Defendant Tang has used his authority to make sexual

advances at other female employees at the restaurant. Defendant Tang rewards female employee

who allows his sexual advances by giving that female employee promotion, preferred work

position, or preferred work assignment. For instance, a female employee whom Plaintiff addressed

as "Cindy" accepts Defendant Tang's sexual advances and has been promoted from a "waitress"

to Defendant Tang's "secretary," a position with the authority to make wage payments to all

employees at Defendants' restaurant. It was well-known among the Defendants' employees that

Defendant Tang favors Cindy because of Cindy's acceptance of Defendant Tang's sexual

advances.

49.     Through Defendant Tang's unwelcome and inappropriate sexual advances

described herein, a hostile work environment existed at Plaintiff's place of employment, the

severity and pervasiveness of which altered the conditions of Plaintiff's employment.

50.     Because Plaintiff has rejected Defendant Tang's sexual advances, Defendant Tang has taken adverse employment actions against Plaintiff, including terminating Plaintiff's employment in order to please Cindy, after Plaintiff complained to Cindy about Cindy's unreasonably delay in making employees' wage payments.

## STATEMENT OF CLAIMS

### COUNT I

### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

51.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

52.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

53.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

54.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

55.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

56.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

57.     Defendants willfully failed to notify Plaintiff and the Collective Action Members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and Collective Action Members' labor.

58.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II

**[Violation of New York Labor Law—Overtime Pay
Brought on behalf of Plaintiff]**

59.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

61.     Defendants' failure to pay Plaintiff her overtime premiums violated the NYLL.

62.     Defendants' failure to pay Plaintiff was not in good faith.

## COUNT III
### [Violation of New York Labor Law—Spread of Hours
### Brought on behalf of Plaintiff]

63.     The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137-1.7, 12 NYCRR 146-1.6 (effective 1/1/2011, formerly 12 NYCRR § 137-1.7), New York State Department of Labor Regulations § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten. This "spread of hours" regulation is applicable even if there is a split shift.

64.     Throughout her employment with Defendants, Plaintiff routinely worked a "spread of hours" of about 10.5 to 11.5 hours per day.

65.     Despite the fact that Plaintiff routinely worked a "spread of hours" greater than ten hours per day throughout her employment period with Defendants, Defendants failed to pay Plaintiff any additional compensation as required by the regulations.

66.     Defendants' failure to pay spread of hours compensation was willful and intentional.

## COUNT IV

### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement
### Brought on Behalf of Plaintiff]

67.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

69.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

70.     Defendants not only did not provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiff thereafter.

71.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT V**

**[Violation of New York Labor Law—New York Pay Stub Requirement]**

16

72.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

74.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff and did not provide the paystub on or after Plaintiff's payday.

75.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VI

### [Hostile Work Environment Sexual Harassment under the NYSHRL]

76.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

77.     Section 296(1)(a) of the NYSHRL provides that it shall be an unlawful discriminatory practice:

> For an employer [,]…because of an individual's sex [,] to discharge from employment such individual or to discriminate against such individual in …terms, conditions or privileges of employment.

78.     Through Defendant Tang's verbal and physical conducts, Plaintiff was subjected to discriminatory, humiliating, sexually perverted, filthy, lewd, unwelcome, and inappropriate behavior, innuendo, remarks, gestures, comments, and unwanted physical contact and sexual advances at Defendants' restaurant.

79.     Defendants' conducts, knowledge, tolerance and acquiescence of a sexually charged hostile work environment suffered by Plaintiff is impermissible sex-based discrimination.

80.     Defendants allow to exist an offensive, discriminatory, and hostile work environment where a constant barrage of discriminatory, humiliating, sexually perverted, filthy, lewd, unwelcome, crude and inappropriate behavior, jokes, innuendo, remarks, gestures, comments, discussions and unwanted physical contact and sexual advances was made, which is particularly offensive and directed towards Plaintiff.

81.     Defendants did not have policies in place to deal with a sexually hostile work environment.

82.     The aforementioned acts of Defendants constitute unlawful discrimination against Plaintiff in the terms, conditions and privileges of her employment because of her gender and in retaliation against her in violation of the provisions of the NYSHRL § 296(1)(a).

83.     As a direct and proximate result of Defendants' violation of the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief, including attorneys' fees and expenses with interest.

18

84.     As a direct and proximate result of Defendants' violation of the NYSHRL, Plaintiff

has suffered and continues to suffer severe mental anguish and emotional distress, including but

not limited to stress, anxiety, emotional pain and suffering, and humiliation, for which she is

entitled to an award of compensatory and monetary damages and other relief.

## COUNT VII

### [Hostile Work Environment Sexual Harassment under the NYCHRL]

85.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

86.     The NYCHRL, New York City Administrative Law § 8-107(1)(a), provides that it

shall be an unlawful discriminatory practice:

> For an employer or an employee or agent thereof . . .
> because of the . . . gender . . . of any person . . . to discharge
> from employment such person or to discriminate against
> such person in compensation or in terms, conditions or
> privileges of employments.

87.     Based upon the aforementioned facts, Plaintiff was subjected to discriminatory,

humiliating, sexually perverted, filthy, lewd, unwelcome, crude and inappropriate behavior,

innuendo, remarks, gestures, comments, discussions and unwanted physical contact and sexual

advances at Defendants' restaurant.

88.     Defendants' conducts, knowledge, tolerance and acquiescence of a sexually

charged hostile work environment suffered by Plaintiff, is impermissible sex-based discrimination.

89.     Defendants allow to exist an offensive, discriminatory, and hostile work

environment where a constant barrage of discriminatory, humiliating, sexually perverted, filthy,

lewd, unwelcome, crude and inappropriate behavior, jokes, innuendo, remarks, gestures, comments, discussions and unwanted physical contact and sexual advances was made, which is particularly offensive and directed towards Plaintiff.

90.    Defendants did not have policies in place to deal with a sexually hostile work environment.

91.    The aforementioned acts of Defendants constitute unlawful discrimination against Plaintiff in the terms, conditions and privileges of her employment because of her gender and in retaliation against her in violation of the provisions of the NYCHRL § 8-107.

92.    As a direct and proximate result of Defendants' discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief, including attorneys' fees and expenses with interest.

93.    As a direct and proximate result of Defendants' discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to stress, anxiety, emotional pain and suffering, and humiliation, for which she is entitled to an award of compensatory and monetary damages and other relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a)   Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)   Certification of this case as a collective action pursuant to FLSA;

c)   Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)   A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

e)   An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)   Award Plaintiff unpaid overtime due under the FLSA and the New York Labor Law;

g)   Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to New York Labor Law and its regulations;

21

h)      An award of monetary damages and other relief, including attorney's fees and expenses
        with interest, and liquidated damages pursuant to New York State Human Rights Law,
        and New York City Human Right Law;

i)      An award of costs and expenses of this action together with reasonable attorneys' and
        expert fees pursuant to 29 U.S.C. §216(b) and NYLL;

j)      The cost and disbursements of this action;

k)      An award of prejudgment and post-judgment fees; and

l)      Such other and further legal and equitable relief as this Court deems necessary, just,
        and proper.


Dated: Flushing, New York
September 7, 2018

                                        Respectfully Submitted,

                                        HANG & ASSOCIATES, PLLC

                                        By: /s/   Xiaoxi Liu_____
                                          Xiaoxi Liu, Esq.
                                          136-20 38th Ave. Suite 10G
                                          Flushing, NY 11354
                                          Tel: (718) 353-8588
                                          Fax: (718) 353-6288
                                          Email: xliu@hanglaw.com
                                          *Attorneys for Plaintiff and Proposed FLSA
                                          Collective*

22

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by 42-44 East Broadway Restaurant Inc. d/b/a HWA YUAN SZECHUAN and Chen Lieh Tang and/or related entities and individuals.

I consent to be a plaintiff in an action to collect unpaid wages and sexual harassment.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_____
Full Legal Name (Print)

_____
Signature

_____
Date