UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ming Zhang, individually and on behalf of all other employees similarly situated,<br><br>       Plaintiff,<br>   v.<br><br>42-44 East Broadway Restaurant Inc. d/b/a Hwa Yuan Szechuan, Chen Lieh Tang,<br>       Defendants. | 18-cv-08178(RJS)<br><br>**ANSWER** |

    Defendants, 42-44 East Broadway Restaurant Inc. d/b/a Hwa Yuan Szechuan (the "Restaurant" or "Corporate Defendant") and Chen Lieh Tang ("Tang") in the above captioned action (collectively, the "Defendants"), by their attorneys Robinson Brog Leinwand Greene Genovese, & Gluck, P.C., hereby respond to Plaintiff's Complaint, dated September 7, 2018 (the "Complaint") as follows:

## AS TO ALLEGATIONS IN THE INTRODUCTION

  1.  Deny the allegations contained in paragraph "1" of the Complaint.

  2.  Deny the allegations contained in paragraph "2" of the Complaint.

  3.  Deny the allegations contained in paragraph "3" of the Complaint.

  4.  Deny the allegations contained in paragraph "4" of the Complaint.

  5.  Deny the allegations contained in paragraph "5" of the Complaint.

  6.  Deny the allegations contained in paragraph "6" of the Complaint.

## AS TO ALLEGATIONS CONCERNING JURISDICTION AND VENUE

  7.  To the extent that paragraph "7" of the Complaint sets forth legal conclusions rather than any factual allegations concerning grounds for this Court's jurisdiction, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "7" of the Complaint.

8. To the extent that paragraph "8" of the Complaint sets forth legal conclusions rather than any factual allegations concerning venue, no response is required. To the extent that a response is required, Defendants admit that Defendants' business is located in the city, county and state of New York, but except as expressly admitted to herein, deny the allegations contained in paragraph "8" of the Complaint.

### AS TO ALLEGATIONS CONCERNING PLAINTIFF

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Admit that Plaintiff worked at the Restaurant at or around the time period(s) alleged, but except as expressly admitted to herein, deny the allegations contained in paragraph "10" of the Complaint.

### AS TO ALLEGATIONS CONCERNING DEFENDANTS

11. Admit the allegations contained in paragraph "11" of the Complaint.

12. Deny the allegations contained in paragraph "12" of the Complaint.

13. Admit the allegations contained in paragraph "13" of the Complaint.

14. To the extent that paragraph "14" sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "14" of the Complaint.

15. To the extent that paragraph "15" sets forth for legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "15" of the Complaint.

16. Admit that Defendant Tang is the owner of the Defendant Corporation, but except as expressly admitted to herein, deny the allegations contained in paragraph "16" of the Complaint.

17. Admit that Defendant Tang is the owner of Defendant Corporation, but except as expressly admitted to herein, deny the allegations contained in paragraph "17" of the Complaint.

18. To the extent that paragraph "18" sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "18" of the Complaint.

19. To the extent that paragraph "19" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "19" of the Complaint.

## AS TO FLSA COLLECTIVE ACTION ALLEGATIONS

20. To the extent that paragraph "20" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. Deny the allegations contained in paragraph "22" of the Complaint.

23. Deny the allegations contained in paragraph "23" of the Complaint.

24. To the extent that paragraph "24" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "24" of the Complaint, including each and every subpart thereto.

25. To the extent that paragraph "25" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "25" of the Complaint.

26. Deny the allegations contained in paragraph "26" of the Complaint.

## AS TO THE STATEMENT OF FACTS

27. Deny the allegations contained in paragraph "27" of the Complaint.

28. Deny the allegations contained in paragraph "28" of the Complaint.

29. Admit that Plaintiff worked at the Restaurant at or around the time period(s) alleged, but except as expressly admitted to herein, deny the allegations contained in paragraph "29" of the Complaint.

30. Admit that Defendant Tang is the owner of the Restaurant, but except as expressly admitted to herein, deny the allegations contained in paragraph "30" of the Complaint.

31. Deny the allegations contained in paragraph "31" of the Complaint.

32. Deny the allegations in paragraph "32" of the Complaint.

33. Admits that Defendant Tang and Plaintiff agreed to the amount of compensation that Plaintiff received for her work, but accept as expressly admitted to herein, deny the allegations contained in paragraph "33" of the Complaint.

34. Admits that Plaintiff was provided with information concerning her compensation, but accept as expressly admitted to herein, deny the allegations contained in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint

36. Deny the allegations contained in paragraph "36" of the Complaint.

37. Deny the allegations contained in paragraph "37" of the Complaint.

38. Admits that Plaintiff was paid approximately $3,500.00 per month, but accept as expressly admitted to herein, deny the allegations contained in paragraph "38" of the Complaint.

39. Admits that Plaintiff received cash for her work, but accept as expressly admitted to herein, deny the allegations contained in paragraph "39" of the Complaint.

40. Admits that Plaintiff acknowledged receipt of her wage payments, but accept as expressly admitted to herein, deny the allegations contained in paragraph "40" of the Complaint.

41. Deny the allegations contained in paragraph "41" of the Complaint.

42. To the extent that paragraph "42" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph "42" of the Complaint.

43. To the extent that paragraph "43" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph "43" of the Complaint.

44. Deny the allegations contained in paragraph "44" of the Complaint.

45. Deny the allegations contained in paragraph "45" of the Complaint.

46. Deny the allegations contained in paragraph "46" of the Complaint.

47. Deny the allegations contained in paragraph "47" of the Complaint, including each and every subpart thereto.

48. Deny the allegations contained in paragraph "48" of the Complaint.

49. Deny the allegations contained in paragraph "49" of the Complaint.

50. Deny the allegations contained in paragraph "50" of the Complaint.

## AS AND FOR AN ANSWER TO COUNT I
## (FLSA OVERTIME)

51. Defendants repeat, reiterate, and reallege each and every answer hereby given as to each and every allegation contained in paragraphs "1" through "50" as if more fully set forth herein in response to paragraph "51" of the Complaint.

52. To the extent that paragraph "52" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "52" of the Complaint.

53. To the extent that paragraph "53" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "53" of the Complaint to the extent they refer or relate to any alleged wrongdoing committed by Defendants.

54. Deny the allegations contained in paragraph "54" of the Complaint.

55. Deny the allegations contained in paragraph "55" of the Complaint.

56. To the extent that paragraph "56" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "56" of the Complaint to the extent they refer or relate to any alleged wrongdoing committed by Defendants.

57. Deny the allegations contained in paragraph "57" of the Complaint.

58. Deny the allegations contained in paragraph "58" of the Complaint.

{00960997.DOC;2 }

## AS AND FOR AN ANSWER TO COUNT II
## (NYLL OVERTIME)

59. Defendants repeat, reiterate, and reallege each and every answer hereby given as to each and every allegation contained in paragraphs "1" through "58" as if more fully set forth herein in response to paragraph "59" of the Complaint.

60. To the extent that paragraph "60" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "60" of the Complaint to the extent they refer or relate to any alleged wrongdoing committed by Defendants.

61. Defendants deny the allegations contained in paragraph "61" of the Complaint.

62. Defendants deny the allegations contained in paragraph "62" of the Complaint to the extent they refer or relate to any alleged wrongdoing committed by Defendants.

## AS AND FOR AN ANSWER TO COUNT III
## (NYLL SPREAD OF HOURS)

63. To the extent that paragraph "63" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "63" of the Complaint to the extent they refer or relate to any alleged wrongdoing committed by Defendants.

64. Deny the allegations contained in paragraph "64" of the Complaint.

65. Deny the allegations contained in paragraph "65" of the Complaint.

66. Deny the allegations contained in paragraph "66" of the Complaint.

{00960997.DOC;2 }

## AS AND FOR AN ANSWER TO COUNT IV
## (NYLL WAGE NOTICE REQUIREMENT)

67. Defendants repeat, reiterate, and reallege each and every answer hereby given as to each and every allegation contained in paragraphs "1" through "66" as if more fully set forth herein in response to paragraph "67" of the Complaint.

68. To the extent that paragraph "68" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "68" of the Complaint to the extent they refer or relate to any alleged wrongdoing committed by Defendants.

69. Deny the allegations contained in paragraph "69" of the Complaint.

70. Deny the allegations contained in paragraph "70" of the Complaint.

71. Deny the allegations contained in paragraph "71" of the Complaint.

## AS AND FOR AN ANSWER TO COUNT V
## NYLL NY PAY STUB REQUIREMENT

72. Defendants repeat, reiterate, and reallege each and every answer hereby given as to each and every allegation contained in paragraphs "1" through "71" as if more fully set forth herein in response to paragraph "72" of the Complaint.

73. To the extent that paragraph "73" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "73" of the Complaint to the extent they refer or relate to any alleged wrongdoing committed by Defendants.

74. Deny the allegations contained in paragraph "74" of the Complaint.

75. Deny the allegations contained in paragraph "75" of the Complaint.

## AS AND FOR AN ANSWER TO COUNT VI
## (HOSTILE WORK ENVIRONMENT UNDER THE NYSHRL)

76. Defendants repeat, reiterate, and reallege each and every answer hereby given as to each and every allegation contained in paragraphs "1" through "75" as if more fully set forth herein in response to paragraph "76" of the Complaint.

77. To the extent that paragraph "77" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "77" of the Complaint to the extent they refer or relate to any alleged wrongdoing committed by Defendants.

78. Deny the allegations contained in paragraph "78" of the Complaint.

79. Deny the allegations contained in paragraph "79" of the Complaint.

80. Deny the allegations contained in paragraph "80" of the Complaint.

81. Deny the allegations contained in paragraph "81" of the Complaint.

82. Deny the allegations contained in paragraph "82" of the Complaint.

83. Deny the allegations contained in paragraph "83" of the Complaint.

84. Deny the allegations contained in paragraph "84" of the Complaint.

## AS AND FOR AN ANSWER TO COUNT VII
## (HOSTILE WORK ENVIRONMENT UNDER THE NYCHRL)

85. Defendants repeat, reiterate, and reallege each and every answer hereby given as to each and every allegation contained in paragraphs "1" through "84" as if more fully set forth herein in response to paragraph "85" of the Complaint.

86. To the extent that paragraph "86" of the Complaint sets forth legal or factual conclusions, no response is required. To the extent that a response is required, Defendants deny

- 9 -
{00960997.DOC;2 }

the allegations contained in paragraph "86" of the Complaint to the extent they refer or relate to any alleged wrongdoing committed by Defendants.

87. Deny the allegations contained in paragraph "87" of the Complaint.

88. Deny the allegations contained in paragraph "88" of the Complaint.

89. Deny the allegations contained in paragraph "89" of the Complaint.

90. Deny the allegations contained in paragraph "90" of the Complaint.

91. Deny the allegations contained in paragraph "91" of the Complaint to the extent they refer or relate to any alleged wrongdoing committed by Defendants.

92. Deny the allegations contained in paragraph "92" of the Complaint to the extent they refer or relate to any alleged wrongdoing committed by Defendants.

93. Deny the allegations contained in paragraph "93" of the Complaint to the extent they refer or relate to any alleged wrongdoing committed by Defendants.

**AS AND FOR AN ANSWER TO THE PRAYER FOR RELIEF**

94. Defendants are not required to respond to the allegations contained in Plaintiff's Prayer for Relief because those allegations are merely characterizations of the relief requested by Plaintiff. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the requested relief in this paragraph of the Complaint and each and every subpart thereto.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

95. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

96. Plaintiff's claims are barred in whole or in part in the absence of a violation of any applicable statute or regulation, including without limitation the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, New York Labor Law, §§ 190 *et seq.*, New York State Human Rights

Law, N.Y. Exec. Law §290 *et seq.*, the New York City Human Rights Law, and N.Y.C. Admin. Code § 8-107 *et seq.*

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

97. Plaintiff's claims are barred in whole or in part because Plaintiff was properly compensated pursuant to the NYLL, the FLSA, and applicable regulations.

## **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

98. Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing and/or is not "similarly situated" to any of the putative class members.

## **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

99. Plaintiff has not suffered any injury by reason of any conduct of the Defendants.

## **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

100. Plaintiff cannot satisfy the requirements of a collective action under the Fair Labor Standards Act ("FLSA") and some or all of the claims asserted in the Complaint are barred because Plaintiff is not similarly situated to the group of individuals she purports to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiff purports to represent, the existence of which is expressly denied, are not similarly situated to each other.

## **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

101. Plaintiff is an inadequate purported representative of some or all of the alleged individuals whom she purports to represent, the existence of which is expressly denied.

## **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

102. The types of claims alleged by Plaintiff on behalf of herself and the group of individuals which she purports to represent, the existence of which is expressly denied, are

matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

103. Defendants acted with a lack of willfulness or intent to violate the FLSA, New York wage-and-hour law, New York Labor Law, or the NYCRR and thus Plaintiff cannot establish a willful violation under FLSA, 29 U.S.C. §§ 195-1 (a) and 201, et seq., New York wage-and-hour law, or 12 NYCRR 137 § 137-1.7.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

104. Neither Plaintiff nor members of the alleged group which she purports to represent, the existence of which is expressly denied, may recover some or all of the relief requested in the Complaint because the Defendants did not commit any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to plaintiff or any alleged group member, at all times acted in good faith and with reasonable grounds for believing it had complied with the FLSA, and Plaintiff has failed to plead facts sufficient to support recovery of such damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

105. At all times, all of the affirmative defenses set forth in NYLL Section 195 apply, including but not limited to, Defendants' reasonable belief in good faith that they provided Plaintiff and/or the putative collective members and/or the putative class members with adequate notice of wage information pursuant to New York Labor Law Section 195.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

106. Plaintiff has failed to demonstrate that Defendants engaged in any conduct in violation of NYSHRL or the NYC Administrative Code.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

107. No tangible adverse employment action was taken against the Plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

108. Defendants exercised reasonable care to prevent harassing behavior by enforcing its sexual harassment policy.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

109. Defendants reserve the right to plead, assert and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff or persons Plaintiff purports to represent or otherwise through discovery.

**WHEREFORE**, the Defendants respectfully request the Court to grant the following:

(a) Dismissal of Plaintiff's Complaint in its entirety, with prejudice;

(b) Deny each and every demand, claim and prayer for relief contained in the Complaint;

(c) Award Defendants reasonable attorneys' fees and costs incurred in defending against this meritless action; and

(d) For such other and further relief as the Court deems just and proper including without limitation, attorney's fees, costs and disbursements.

Dated: New York, New York
October 9, 2018

    ROBINSON BROG LEINWAND GREENE GENOVESE &
       GLUCK P.C.
    By: /s/ Felicia S. Ennis
       Felicia S. Ennis
    875 Third Avenue, 9th Floor
    New York, New York 10022
    (212) 603-6300
    *fse@robinsonbrog.com*
    *Attorneys for Defendants*

{00960997.DOC;2 }

TO: HANG & ASSOCIATES, PLLC
Xiaoxi Liu, Esq.
136-20 38th Ave. Suite 10G
Flushing, New York 11354
(718) 353-8588
xliu@hanglaw.com
*Attorney for Plaintiff and
Proposed FLSA Collective*