# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

April 4, 2019

Xiaoxi Liu, Esq.
Tel : (718) 353-8522
Fax: (718) 353-6288
Email: xliu@hanglaw.com

**VIA ECF**
Hon. Stewart D. Aaron
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 11C
New York, NY 10007

> **RE:  Letter Motion for Approval of Settlement Agreement**
> **Case No. 1:18-cv-08178-SDA**
> **Zhang et al v. 42-44 East Broadway Restaurant Inc et al.**

Dear Hon. Judge Aaron:

    Plaintiff Ming Zhang ("Plaintiff") and Defendants 42-44 East Broadway Restaurant Inc d/b/a Hwa Yuan, and Chen Lieh Tang (collectively, "Defendants"), respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

## Plaintiffs' Allegations and Defendants' Responses

    This action was originally brought by Plaintiffs for alleged unpaid overtime wages, unpaid "spread of hours" premium, failure to give a wage notice at time of hire, failure to provide paystubs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL"), as well as sexual harassment under NYCRR and NYSHRL.

From on or around December 25, 2017 to on or around January 20, 2018, and then from on or around February 16, 2018 to on or around July 19, 2018, Plaintiff was employed as a baker at Defendants' restaurant located at 42 44 East Broadway, New York, NY 10002. From December 25, 2017 to January 1, 2018, Plaintiff worked six days per week and on each workday, she worked from around 11:30 am to around 11:00 pm without a break. Plaintiff therefore worked eleven and half (11.5) hours each day, or sixty-nine (69) hours per week. From January 2, 2018 to on or around January 20, 2018, Plaintiff worked six (6) days per week and on each work day she worked from around 11:30 am to 10:00 pm without a break. Plaintiff therefore worked around ten and half (10.5) hours per day, or sixty-three (63) hours per week. From February 16, 2018 to on or around July 19, 2018, Plaintiff worked six (6) days per week with either Tuesday or Wednesday off. From Mondays to Fridays on which she worked, she worked from around 11:30 am to around 10:00 pm without a break. On Saturdays and Sundays, Plaintiff worked from around 11:30 am to around 10:30 pm without a break. Plaintiff therefore worked around ten and half (10.5) hours on each weekday that she worked, and around eleven (11) hours on each weekend-day that she worked. Plaintiff therefore worked sixty-four (64) hours per week during this stated period of time. From February 16, 2018 to on or around July 19, 2018, Plaintiff was paid at a fixed rate of $3,500.00 per month, regardless the amount of hours Plaintiff actually worked each day. Throughout her employment with Defendants, Plaintiff was not paid the overtime compensation nor the spread of hours premium in violation of the FLSA and NYLL. Further, Defendants failed to provide Plaintiff with the time of hire wage notice, as well as correct pay stub in violation of NYLL. Moreover, Plaintiff alleged that Defendant Chen Lieh Tang's conduct as alleged in the complaint subject her to sexually charged hostile work environment.

Defendants contest each of Plaintiff's claims.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

### Settlement Amount

At the inception of the litigation, Plaintiff submitted a settlement demand in the amount of approximately $81,053.32, including $20,541.66 for back wages (including spread of hours), $20,541.66 for NYLL liquidated damages, $10,000 for wage notice and paystub violation, and $30,000 for NYCRR and NYSHRL violation. (See damage calculation attached as **Exhibit B**). The demand was wholly based on Plaintiff's maximum possible recovery if they were able to establish each and every claim. Though it is Defendants' position that they did not violate the FLSA, NYLL, NYCRR or NYSHRL, they could not provide evidence to completely overcome Plaintiff's claims. Thus, Defendants were willing to pay a premium, within reason, to settle this matter before protracted and costly litigation. In view of that, Defendants initial offer of settlement was $30,000.00 With further discussions, the Parties agreed on the settlement amount of **$50,000.00** in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions.

The gross settlement amount is $50,000.00, inclusive of Plaintiff's attorneys' fees and costs of $17,084.00 with settlement payments to Plaintiff of $32,916.00. The attorney's fees and costs are allocated as follows: $16,434.00 for fees, and $650.00 for costs. This reflects a reasonable

2

compromise between the parties' dispute over Defendants' alleged failure to pay overtime wages, spread of hours premium, failure to give a wage notice at time of hire and failure to provide paystubs, as well as alleged violation of NYCRR and NYSHRL. This settlement was reached after extensive negotiations between the parties (or their attorneys), and the parties agree that the settlement is fair and reasonable. We believe this to be a fair resolution of this matter, due to certain *bona fide* disputes about the value of Plaintiff's claims and the risks attendant with continuing the litigation.

Moreover, Plaintiff was incentivized to settle because Defendants are willing to pay the total settlement amount through a lump-sum payment on or before March 31, 2019. Should Plaintiff insist on further litigating this matter, the value of her damages would decrease not only due to ordinary litigation risks, but also simply with the passage of time, and the likelihood that any recovery would only be paid out over a significant length of time. By settling now, Plaintiff ensures that she will get much of what they could potentially recover within a reasonable time period, and she does so without having to wait through months of likely fruitless motion practice, then having to face the possibility that their claims may be undermined at trial.

### FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.)

Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co*., 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, Plaintiff suggests that they weigh strongly in favor of settlement approval.

In light of the uncertainties associated with establishing liability, as well as Plaintiff's desire to avoid future legal proceedings, the settlement amount reached here is reasonable. *See Beckert v. Ronirubinov,* 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding that a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation). The settlement will also enable the parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp*., 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc*., 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsels for both parties are experienced litigators who focus their practices primarily on employment law issues. Plaintiff exchanged multiple demands and offers of settlement with Defendants before settling on the terms of this proposed settlement. Moreover, prior to entering into the settlement agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the substantial efforts of all parties involved, and reasonably balances the competing interests of the parties.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiff is no longer employed by Defendants so there is no likelihood that Plaintiffs' circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

## **Plaintiff's Application for Attorney's Fees Should Be Approved**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff, the firm will be reimbursed $650.00 in filing fees, costs, and retain 1/3 of the rest of the settlement amount as attorneys' fees, which is $16,434.00. Based on our firm's experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Because 1/3 is standard practice in FLSA claims, the attorney's fees' being set at one-third is a fair number for this matter as well.

4

      All of time billed was reasonably necessary to secure the results we have achieved for our client thus far. We will make the billing records available for in-camera review should the Court request them. Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $400 per hour is reasonable. The associates' hourly rate is $350 per hour for senior associate and $300 per hour for junior associate. Xiaoxi Liu, Esq., the associate attorney on this case, has experience in employment, corporate, and immigration law. Being fluent in Mandarin Chinese, English and German, Xiaoxi Liu specializes in representing the Chinese speaking community in these cases both on plaintiff and defendant side. Currently, Xiaoxi Liu independently handles a case load of 30+ cases which includes client intake, discovery, depositions, motion practice, settlement and possible trial and bill an hourly rate of $300. Keli Liu, the senior associate working on this case, has experience in a wide variety of labor matters, including litigation of wage and hour, discrimination and retaliation claims in state and federal courts. Keli Liu represents employees and employer/management in all aspects of FLSA and/or State labor and employment law and related litigation and/or in alternative dispute resolutions such as mediation and arbitration. She presents and counsels clients on matters involving: discrimination, harassment and retaliation under Title VII, the FLSA, the FMLA, the NYSHRL and the NYC Administrative Code. Keli Liu also advises employers on their rights and obligations under the federal, state and local employment related laws and regulations; counsels clients on minimizing legal risk and exposure on labor and employment matters, and has provided guidance and counsel on topics such as personnel policies, FMLA, wage and hour matters, employee misconduct, and employment terminations. Currently, Keli Liu independently handles a case load of 40+ cases which includes client intake, discovery, depositions, motion practice, settlement and trial and bill an hourly rate of $350.

      Hang & Associates spent approximately 56 hours on this matter, and had it been billing hourly, it would have incurred $20,300.00 in fees and $650 in costs for a total of $20,950.00. Hang & Associates is only receiving $17,084.00 in this settlement agreement. The number of attorney hours represented in the attorney worksheet is reasonable and represents hours that were necessarily expended on this litigation.

      Counsel for Plaintiff and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

## **Conclusion**

      For the foregoing reasons, Parties hereby respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

                                    Respectfully submitted,

<u>*/s/ Xiaoxi Liu*</u>  
Xiaoxi Liu, Esq.